MOORE v. SPURRIER, ADMR.

PLEADINGS—ACTION EX CONTRACTU AND EX DELICTO—SURVIVAL OF
    ACTION.—The allegations of this complaint being appropriate both
    to an action *ex contractu* and one *ex delicto,* the complaint should
    not have been dismissed, because an action *in tort* does not survive
    the death of the *tort feasor.*

Before GARY, J., Fairfield, March, 1899.    Reversed.

Action by John Moore against Thos. J. Spurrier, as ad-
ministrator of F. M. Spurrier, and John D. Harrison, on the
following complaint:

1. That Francis M. Spurrier, late of the county and State
aforesaid, departed this life intestate, on or about the 20th
day of January, 1897; and the defendant, Thomas J. Spur-
rier, was thereafter, on the 7th day of August, 1897, duly
appointed the administrator of the estate of said Francis M.
Spurrier, deceased, by the judge of probate for Fairfield
County, in the State aforesaid; and he is now the qualified
and acting administrator of said estate. 2. That, on or
about the 23d day of September, 1895, the said Francis M.
Spurrier, deceased, commenced a proceeding in the court of
Trial Justice A. W. Matheson, in the county and State afore-
said, for the purpose of procuring a warrant of attachment
against the property of the plaintiff and one H. D. Rush;
and at the same time the said Francis M. Spurrier, deceased,
with John D. Harrison, the defendant above named, as
surety, duly executed and delivered to the said trial justice,
for the benefit of the plaintiff and said H. D. Rush, their
certain bond or undertaking, pursuant to the statute in such
case made and provided, in the penal sum of $300, condi-
tioned that if the said defendants therein named, the plaintiff
and said H. D. Rush, should recover judgment in said cause
or proceeding, or the said attachment should be set aside by
the order of the court, then and in either event, the said
Francis M. Spurrier and John D. Harrison would pay or
cause to be paid to the said defendants therein named, the

plaintiff and H. D. Rush, all costs that might be awarded, and all damages that they might sustain, by reason of the attachment then about to be issued, as aforesaid. 3. That pursuant to said application and undertaking, the said A. W. Matheson, trial justice as aforesaid, did issue his warrant of attachment, directed to the officer therein named, requiring him to seize and attach the crops and other personad property of the plaintiff and said H. D. Rush; to sell the same and pay off an alleged demand of the said Francis M. Spurrier against the said H. D. Rush and the plaintiff. 4. That by virtue of said warrant of attachment, the constable of said trial justice seized, attached and levied upon the crops of the plaintiff and said H. D. Rush, consisting of three bales of cotton, a lot of seed cotton, a lot of fodder, and the cotton crop growing in the field, and also one cow of the plaintiff, and disposed of a large part of the same, and deprived the plaintiff and said H. D. Rush of the same, as well as threw them out of employment in gathering and harvesting said crops. 5. That such proceedings were thereafter had in the said proceeding, on the motion of the plaintiff and said H. D. Rush, to set aside the said warrant of attachment; that said warrant of attachment was wholly set aside and dissolved, and judgment therefor was rendered in favor of the plaintiff and said H. D. Rush, by the said A. W. Matheson, trial justice as aforesaid. 6. That the plaintiff and the said John Rush were damaged in the premises, by the unlawful seizure and attachment of the crops and other personal property, as follows; for the loss of one cow, in the sum of $15; for fodder lost and damaged, in the sum of $5; for cotton damaged or lost in the field, in the sum of $15; for cotton lost out of house of A. W. Matheson, in the sum of $5; and the plaintiff and said H. D. Rush were also further damaged by the issuing of the said warrant of attachment as follows: for costs of proceeding paid, in the sum of $11; for time lost by themselves and hands, in the sum of $25; for loss in the price of three bales of cotton, by depreciation in price, in the sum of $10; for hire of wagon and team, in the sum of

$2.50; for attorney's fee paid for procuring the dissolution of said warrant of attachment, in the sum of $15; the damages in all amounting to the sum of $103.50. 7. That the said H. D. Rush, before the commencement of this action, duly assigned and transferred, for value, all of his interest and rights under said bond or undertaking, to the plaintiff; and the plaintiff is now the sole owner and holder thereof.

From judgment dismissing complaint on demurrer, plaintiff appeals.

*Mr. J. E. McDonald,* for appellant, cites: *As to main question:* Code, 251; 6 S. C., 130; 8 S. C., 103; 12 S. C., 45. *As to survival of actions:* 20 S. C., 514.

*Mr. James W. Hanahan,* contra, cites: *Cause of action consists of two factors:* 9 S. C., 453; 17 S. C., 410, 481; 18 S. C., 471, 512; 24 S. C., 44. *No averment that bond is not paid:* 2 S. E., 81. *If attachment fail for want of jurisdiction, the security is a nullity, and defendant must sue on the tort:* 31 S. C., 605; 38 S. C., 228; 34 S. C., 236. *This action cannot survive:* Rev. Stat., 2187; Code, 123; 12 Rich., 284; 20 S. C., 479.

June 3, 1899. The opinion of the Court was delivered by

MR. JUSTICE GARY. Upon the trial of this case in the Circuit Court, defendants interposed a demurrer to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, in the following particulars: "1. For that the cause of action alleged in the complaint, being a tort, or torts, committed, it is alleged, by F. M. Spurrier, the intestate, during his lifetime, against the property of Moore and one Rush, does not survive against the administrator—the action being an action *ex delicto,* to recover damages against the estate of intestate for such alleged tortuous acts. 2. For that the cause of action alleged in the complaint being a tort, does not survive, and cannot be assigned by Rush to Moore. 3. That by reason of the non-

survival of the cause of action alleged in the complaint, the surety is released thereby." His Honor, the Circuit Judge, sustained the demurrer, whereupon the plaintiff appealed upon exceptions, raising practically the single question whether the cause of action survived against the representative of Francis M. Spurrier, mentioned in the complaint, which will be reported. Even conceding that the allegations of the complaint are appropriate to a cause of action arising *ex delicto,* it is manifest that they are also appropriate to a cause of action for a breach of the bond or undertaking described in the complaint, which arises *ex contractu.* The rule is well stated that a complaint should not be dismissed on demurrer, when its allegations show that the plaintiff is entitled to any relief whatever; and as, in this case, the plaintiff was entitled to relief *ex contractu,* the presiding Judge erred in dismissing the complaint.

Judgment reversed.